```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ANTHONY CHARLES BAILEY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-4557 (JBS/KMW) |
| v. | |
| CORRECTIONAL MEDICAL SERVICES, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon an unopposed motion to dismiss filed by Defendant Correctional Medical Services ("CMS") [Docket Item 19]. The central question is whether the Court should dismiss Plaintiff's complaint due to his refusal to provide Court-ordered discovery or a date for deposition pursuant to Rule 37(b)(2), Fed. R. Civ. P. THIS COURT FINDS AS FOLLOWS:

1. On September 24, 2007, Plaintiff filed his complaint in this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated various of his constitutional rights. Since that date, Plaintiff has done nothing to move his case forward, other than seek appointment of counsel in December 2007 and periodically notify the Court of his current address.

2. On April 6, 2009, defense counsel wrote to the Court [Docket Item 16] and explained that on December 31, 2008, Defendant wrote to Plaintiff at the address Plaintiff had provided to the Court on December 17, 2008 (1029 Hamilton Street,

Vineland, NJ), requesting that Plaintiff provide answers to discovery demands made on May 27, 2008 and August 17, 2008. (Def. Exhs. B & C.)  The letter was returned as "unclaimed" and "unable to forward."  (Def. Exh. B.)  Defense counsel also stated that Plaintiff had not yet provided a date for Plaintiff's deposition or any requested discovery.  Finally, defense counsel asked for permission to file a motion to dismiss Plaintiff's claims for failing to provide discovery.

    3.  In response, April 28, 2009, Magistrate Judge Donio entered an order requiring Plaintiff to respond to outstanding discovery requests by no later than May 26, 2009, and included a warning that "[f]ailure to do so may result in the imposition of sanctions, which may include dismissal of the action" [Docket Item 17].  On or about April 28, 2009, the Clerk of Court mailed a copy of that order to Plaintiff at the Hamilton Street address, and that mail was not returned.  Thus, even if Plaintiff did not receive Defendant's December 31, 2008 (apparently because he refused to claim it), the Court must assume that he did receive the Court's order regarding discovery.  See In re Cendant Corp. Prides Litigation, 311 F.3d 298, 304 (3d Cir. 2002) ("The common law has long recognized a presumption that an item properly mailed was received by the addressee.")

4. On July 6, 2009, Defendant filed the instant motion to dismiss, informing the Court that Plaintiff had not provided discovery, in the form of answers to interrogatories, or a date for Plaintiff's deposition as required by the Court's April 28, 2009 Order. (Bishop Certification ¶ 7.) As a consequence, Defendant claims that it has been "forestalled from defending itself in this lawsuit, subject to an inordinate delay and is unable to move for Summary Judgment at this time." (Id. ¶ 8.) Plaintiff has not filed an opposition to Defendant's motion to dismiss.

5. Pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P., a court may dismiss an action where a plaintiff fails to obey a discovery order. In determining whether dismissal is an appropriate sanction for violation of a discovery order, courts will generally consider the factors outlined in Poulis v. State Farm Fire and Casualty, 747 F.2d 863 (3d Cir. 1984), though such analysis is not always necessary. Dover v. Diguglielmo, 181 F. App'x 234, 237-38 (3d Cir. 2006) ("[A] Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."), citing Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). The six Poulis factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was

willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim.  <u>Poulis</u>, 747 F.2d at 868.

    6.   The Court finds that all the <u>Poulis</u> factors point to an order of dismissal in this case.  Plaintiff, who is appearing <u>pro se</u>, is personally responsible for his failure to appear at the Court-ordered deposition.  Defendants are severely prejudiced because they cannot proceed with their defense without deposing Plaintiff or receiving his answers to interrogatories.  Plaintiff has a history of dilatoriness in this action, in that he has failed to take any steps to move his case forward since filing his motion for appointment of counsel on December 26, 2007 and has not filed any opposition to this motion to dismiss.  No other effective sanction is available because the case cannot proceed without Plaintiff providing discovery and submitting to a deposition.  <u>See</u> <u>Dover</u>, 181 F. App'x at 237-38 (dismissal was only possible sanction where plaintiff failed to appear for his court-ordered deposition).  Finally, the Court cannot determine the meritoriousness of Plaintiff's claims, which all turn on facts, where Plaintiff has submitted no evidence in support of his own action.  Consequently, the Court will grant Defendants' motion and dismiss the action due to Plaintiff's refusal to provide Court-ordered discovery and set a date for his deposition.

    7.    The accompanying Order shall be entered.


| | |
|---|---|
| **January 26, 2010** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | United States District Judge |